UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRIVATEBANK,
a Michigan banking corporation,

    Plaintiff,

v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, a Florida
corporation,

    Defendant.

Case No. 11-CV-14183

Hon. Robert H. Cleland

| BODMAN PLC | BUTZEL LONG, a professional corporation |
|---|---|
| Thomas Van Dusen (P30602) | Patrick A. Karbowski (P40577) |
| Matthew R. Rechtien (P71271) | Danielle J. Hessell (P68667) |
| 201 W. Big Beaver Road, Suite 500 | Jonathan F. Jorissen (P71067) |
| Troy, Michigan 48084 | Stoneridge West |
| (248) 743-6000 | 41000 Woodward Ave. |
| Attorneys for Plaintiff | Bloomfield Hills, Michigan 48304 |
| | (248) 258-1616 |
| | Attorneys for Defendant |

## STIPULATED PROTECTIVE ORDER

At a session of said Court held in the Federal Courthouse, Detroit, Michigan on     April 24, 2012

PRESENT: HON.   ROBERT H. CLELAND
                      U.S. DISTRICT COURT JUDGE

      The parties agreeing that discovery in this matter may involve the disclosure of confidential, proprietary and/or privileged information, documents and materials, the parties having stipulated to the following protective order (the "Order") pursuant to Fed. R. Civ. P. 26(c), and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the production and use of documents and information produced or made available in this matter shall proceed in accordance with the following terms:

## I. SCOPE OF THE ORDER

1. **Scope of Order**: This Order applies to: all depositions transcripts (including exhibits) and other recordings created pursuant to this case; documents, information and materials produced or made available for inspection in response to subpoenas and discovery requests, formal or otherwise, served in this case; and, answers to interrogatories and requests for admissions served in this case (these materials collectively or individually being referred to as "Materials").

## II. DESIGNATION OF CERTAIN MATERIALS AS CONFIDENTIAL

2. **Materials Eligible for Confidential Designation**: Materials that may be designated as "confidential" include those that are confidential, protected by law, proprietary, secret, private, not normally disclosed to the public or third-parties without measures to protect their confidence, and/or otherwise sensitive.

3. **Method of Designation**: Materials that may be designated as confidential may be so designated by placing or affixing on each page of thereof the word "CONFIDENTIAL" in a manner so as to not interfere with the legibility.

4. **Express Designation Unnecessary for Materials under Inspection**: Materials made available for inspection shall, during any inspection, be deemed and treated as though designated confidential.

5. **Designation of Deposition Records**: The transcripts or other recordings of any deposition taken in this case shall, until 7 days after the making of the official transcript or recording, be deemed and treated as though designated as confidential. Additionally, part or all

of said Materials may, if eligible, be designated as confidential by notification on the record during the deposition, or by written notification to all interested parties, with a citation to the specific pages and lines containing confidential Materials. Unless otherwise agreed to by the parties in writing or on the record, anyone not eligible to receive Materials designated as confidential shall not be in attendance during that portion of a deposition during which such Materials are being disclosed.

6. **Effect of Designation and/or Failure to Designate**: Designation of Materials as confidential is a representation by the designating person that there is a valid basis for such designation. Notwithstanding the foregoing, the failure to designate Materials as confidential shall not be used against any person as an admission or concession that the Materials are not eligible for designation, nor shall it constitute, be construed as, or have the effect of, a waiver of any kind. In the event that a person inadvertently fails to designate Materials as confidential, any person to whom the Materials were produced, shall, upon written notice, designate, and thereafter treat, such Materials as though designated as confidential.

### III. USE OF MATERIALS DESIGNATED AS CONFIDENTIAL

7. **Disclosure of Confidential Materials**: Disclosure of Materials designated as confidential is prohibited except to the extent permitted by this Order.

8. **Use of Materials**: Materials designated as confidential may be used only for the purposes of this litigation and in accordance with this Order. Use of them in any other adjudicatory proceeding or for any other purpose is expressly prohibited.

9. **Parties' Use of their Own or Independently Obtained Materials**: Notwithstanding any other provision contained herein, this Order does not restrict or otherwise affect the rights of a person to use or disclose its Materials. Nor shall anything in this Order

3

Detroit_1167145_1

restrict the use or disclosure by a person of Materials lawfully obtained or developed by such person independently of discovery in this matter, even if such Materials are also obtained through discovery in this matter.

10. **Access to Confidential Information**: Except for counsel for the parties to this litigation, counsel's employees, employees of copy services used to make copies of Materials, couriers, court personnel, the jury, and court reporters, access to Materials designated confidential shall be limited to:

    a. The individual parties and the officers, directors, or employees of the parties who are assisting in the preparation of, or making decisions with respect to the conduct of, this litigation;

    b. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation;

    c. Persons identified in designated Materials as authors, custodians, senders or recipients thereof; and,

    d. Persons called to testify (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the designated Materials deemed necessary for the prosecution or defense of this litigation.

11. **Conditions on Access**: Each Party shall take care to ensure that any person given access to Materials designated as confidential agree in writing to be subject to the obligations imposed in this Order by signing an Agreement to be Bound by Stipulated Protective Order, a copy of which is attached hereto. Counsel for each party shall maintain a written record of the identity of each such person so given access, and the original of each signed Agreement.

12. **Filing and Use of Confidential Material in Court**: A party filing Materials designated as confidential with the Court shall mark each filed page that contains Materials so designated with "Confidential - Subject to Protective Order." All pages so marked shall be filed under seal endorsed with the caption of this action and shall bear the following:

4

CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER. THIS ENVELOPE MAY NOT BE OPENED WITHOUT A COURT ORDER EXCEPT BY COURT PERSONNEL OR COUNSEL OF RECORD.

Materials designated as confidential may otherwise be used in pre-trial proceedings and in the trial of this matter, subject to the Court's adjudication of motions for additional protections of such Materials. Materials designated as confidential do not lose the protections provided by this Order through such use. If a party wishes to use Materials designated as confidential during trial or a pretrial hearing, that party must give reasonable notice to the designating party.

13. **Disclosure or Use of Confidential Materials in Other Actions**: If a recipient of Materials designated as confidential pursuant to this Order is subpoenaed, or served with a demand, to produce some or all of said Materials, they shall object to their production, citing this Order and shall notify in writing counsel of record for the producing party. Thereafter, the producing party shall bear any and all responsibility for defending and preserving any objection to the subpoena or demand. The recipient shall be obligated only to cooperate to the extent reasonably necessary and lawful to preserve the confidentiality of the Materials. Notwithstanding the foregoing, nothing in this Order shall require the recipient to defy, challenge or appeal any order compelling production or disclosure of the Materials.

## IV.    MISCELLANEOUS

14. **Inadvertent or Unintentional Disclosure of Privileged Information**: If a person inadvertently or unintentionally produces or discloses Materials that are eligible for designation as confidential because of the attorney-client privilege, work product doctrine, or other immunity, such person shall promptly give written notice to any receiving persons. On receiving such notice, a receiving person shall sequester the Materials. The producing or disclosing person and the receiving person(s) shall thereafter negotiate the disposition of the

Materials in good faith. If, after 7 days, the persons are unable to reach an agreement as to the disposition of the materials, either of them may move the Court to resolve the matter. In the event of such a motion, no person shall use the fact of production or disclosure to argue that any applicable privilege is or was waived. Nothing herein shall preclude a receiving person from otherwise challenging or disputing the privilege or immunity claimed by the producing person, including by using the Materials at issue in a manner consistent with this Order.

15. **Non-Waiver of Rights**: This Order shall not constitute a waiver of any right(s) to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any Materials as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any Materials that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Order shall constitute an admission or waiver of any objection, claim or defense by any person or party.

16. **Modifications to Order**: Any person with proper standing may, on motion or other request to the Court and for good cause shown, seek a modification of this Order. No modification of this Order that adversely affects the protection of any Materials produced by a person shall be entered without first giving the person appropriate notice and an opportunity to be heard.

17. **Binding Order**: This Order shall bind all parties to this litigation and any and all other persons to the fullest extent lawfully permissible.

18. **Dispute Resolution, Generally**: A person need not challenge the propriety of the designation of Materials as confidential at the time of designation. In the event of a dispute

concerning this Order that is not subject to other dispute resolution procedures in this Order, including, but not limited to, a dispute over the designation of Materials as confidential, the attorneys for the parties shall first attempt in good faith to negotiate a resolution. If such a resolution is not reached in a reasonable time, either party may submit the dispute to the Court by written motion. In the event of such a dispute, the party designating Materials as confidential bears the burden of justifying that designation.

19. **Return of Confidential Material**: Except as expressly provided herein, upon the entry of a final order in this case, each person shall (a) return to each producing person, at the producing person's expense, all originals and copies of Materials designated by that person as confidential pursuant to this Order, or (b) destroy the same. Notwithstanding the foregoing, counsel of record may retain one copy all Materials designated as confidential for archival purposes. Upon request, counsel of record shall deliver written confirmation within 60 days after entry of a final order, confirming that the Materials have either been returned or destroyed.

20. **Survival of Litigation**: This Order shall survive the termination of this litigation.

21. **Violations**: Any person who violates this Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

Dated: 4/24/2012                                         S/Robert H. Cleland
                                                         United States District Court Judge

**WE STIPULATE TO THE
ENTRY OF THIS ORDER:**

s/ Matthew R. Rechtien
BODMAN PLC
Thomas Van Dusen (P30602)
Matthew R. Rechtien (P71271)
201 W. Big Beaver Road, Suite 500
Troy, Michigan  48084
(248) 743-6000
Attorneys for Plaintiff


Dated:  March 28, 2012

s/ Danielle J. Hessell
BUTZEL LONG
Patrick A. Karbowski (P40577)
Danielle J. Hessell (P68667)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
(248) 258-1439 (fax)
Attorneys for Defendant

Dated:  March 28, 2012

Detroit_1167145_1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PRIVATEBANK,
a Michigan banking corporation,

    Plaintiff,

v.                                            Case No. 11-CV-14183

FIDELITY NATIONAL TITLE         Hon. Robert H. Cleland
INSURANCE COMPANY, a Florida
corporation,

    Defendant.

| BODMAN PLC | BUTZEL LONG, a professional corporation |
|---|---|
| Thomas Van Dusen (P30602) | Patrick A. Karbowski (P40577) |
| Matthew R. Rechtien (P71271) | Danielle J. Hessell (P68667) |
| 201 W. Big Beaver Road, Suite 500 | Jonathan F. Jorissen (P71067) |
| Troy, Michigan 48084 | Stoneridge West |
| (248) 743-6000 | 41000 Woodward Ave. |
| Attorneys for Plaintiff | Bloomfield Hills, Michigan 48304 |
| | (248) 258-1616 |
| | Attorneys for Defendant |

## **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, declare and agree as follows:

1.     My primary residential address is

_____.

2.     My present employer is

_____.

3.     My present occupation or job description is

_____.

4. I acknowledge receiving a copy of the Stipulated Protective Order entered on _____, 2012, by the United States District Court for the Eastern District of Michigan, in the case of *The PrivateBank v. Fidelity National Title Insurance Company,* Case No. 11-CV-14183. I have read and understand the terms of the Stipulated Protective Order and I agree to be bound by all of its provisions.

5. I submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name